UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                                        NO.  94-158

JOSEPH GAGLIANO                                              SECTION "N"

## ORDER AND REASONS

Presently before the Court is a "Motion to Quash Garnishment On Grounds That The Seized Funds Are The Separate Property of Non-Debtor Spouse" filed by Hetty C. Gagliano (Rec. Doc. 1031).[1]  As stated herein, **IT IS ORDERED** that Gagliano's motion is **GRANTED IN PART** and **DENIED IN PART**.

With her motion, Gagliano asks that the March 5, 2013 writ of garnishment issued to her employer Delgado Community College,[2] authorizing the garnishment of her bi-weekly wages, in partial satisfaction of the criminal restitution obligation imposed upon her husband, Joseph Gagliano, on April 11, 1996, be quashed, and that all funds withheld from her wages since July 10, 2013, be refunded to her.  In support of her motion, Gagliano points to an August 7, 2013 state court "Judgment Decreeing Separation of Property" rendered in her favor, which also provides for retroactive effect to the July 10, 2013 filing date of her petition.[3]  Gagliano additionally cites Louisiana Civil Code article 2376, contending that the Government has no basis to object to her motion given that it did not intervene in her state court proceeding and has not successfully nullified

---

[1]      Hetty C. Gagliano is the wife of Defendant Joseph Gagliano.

[2]      See Rec. Doc. 997.

[3]      See Rec. Doc. 1031-1.

1

the August 7, 2013 judgment.

Relevant here are Louisiana Civil Code articles 2374-76, which provide, in pertinent part:

### Art. 2374. Judgment of separation of property

A. When the interest of a spouse in a community property regime is threatened to be diminished by the fraud, fault, neglect, or incompetence of the other spouse, or by the disorder of the affairs of the other spouse, he may obtain a judgment decreeing separation of property.

### Art. 2375. Effect of judgment

A. Except as provided in Paragraph C of this Article, a judgment decreeing separation of property terminates the regime of community property retroactively to the day of the filing of the petition or motion therefor, without prejudice to rights validly acquired in the interim between filing of the petition or motion and rendition of judgment.

### Art. 2376. Rights of Creditors. The creditors of a spouse, by intervention in the proceeding, may object to the separation of property or modification of their matrimonial regime as being in fraud of their rights. They also may sue to annul a judgment of separation of property within one year from the date of the rendition of the final judgment. After execution of the judgment, they may assert nullity only to the extent that they have been prejudiced.

Considering these authorities and the information provided in the parties' submissions, the Court finds that the Government's writ of garnishment relative to Gagliano's Delgado wages should be and hereby is quashed. Thus, Delgado shall immediately cease any withholdings from Gagliano's wages premised upon the Court's July 31, 2013 "Final Disposition Order of Garnishment."[4]   Additionally, the Court finds that the Government must refund to Gagliano any monies previously garnished from her Delgado wages except for those earned between

---

[4]        See Rec. Doc. 1027.

July 29, 2013– the date the Court overruled the objection made to the Government's writ of garnishment[5]– and August 7, 2013 – the date of the state court judgment terminating the Gaglianos' community property regime.[6]  Although the Court acknowledges that both the state court judgment and Civil Code article 2375 provide for a termination retroactive to the date of the filing of the petition seeking that relief, article 2375 also protects "rights validly acquired in the interim between filing of the petition or motion and rendition of judgment."  On the showing made, the Court finds the Government acquired such a right on July 29, 2013, which it enjoyed until the August 7, 2013 date of the state court judgment.

New Orleans, Louisiana, this 5th day of December 2013.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[5]     See Rec. Doc. 1026.

[6]     See Rec. Doc. 1031-1.

3